**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 26-cv-62160-EA**

**Ludian Rodriguez Martinez**,

Petitioner,

v.

**Warden, Broward Transition Center, *et al.***,

Respondents.
______________________________________/

**ORDER GRANTING PETITIONER'S MOTION, ADDING RESPONDENT, AND TRANSFERING PETITION TO THE DISTRICT OF NEW MEXICO**

**THIS CAUSE** is before the Court upon Petitioner Ludian Rodriguez Martinez's *pro se* Motion Transfer Case to the District of New Mexico (the "Motion") [ECF No. 5]. On August 5, 2026, this Court docketed Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [ECF No. 1]. However, five days later, the Court docketed the instant Motion, filed by Petitioner, requesting that the Court transfer the case to the District of New Mexico and substitute the Warden of the Torrance County Detention Center as the proper respondent in this case in light of Petitioner's transfer to the Torrance County Detention Center in Estancia, New Mexico [*see* ECF No. 5 p. 1]. Upon review, the Motion [ECF No. 5] is **GRANTED**, the Petition is hereby **TRANSFERRED** to the District of New Mexico, and the Warden of the Torrance County Detention Center is hereby added as a respondent in this case.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Indeed, "jurisdiction for § 2241 petitions lies only in the district of confinement." *Garcia v. Warden*, 470

F. App'x 735, 736 (11th Cir. 2012); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld*, 542 U.S. at 443)). Habeas jurisdiction attaches at the time the petition is filed. *See, e.g.*, *Smith v. Campbell*, 450 F.2d 829, 831–33 (5th Cir. 1971);[1] *see also Santillanes v. U.S. Parole Comm'n*, .754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change" (collecting cases)).

However, a petitioner's "immediate custodian . . . is the [only] proper respondent" in a section 2241 proceeding. *See Rumsfeld*, 542 U.S. at 439 (alteration added). As a result, a court entertaining a habeas petition must ensure that it has "legal authority to effectuate the prisoner's release," *Rumsfeld*, 542 U.S. at 441. Accordingly, when the court in which a petition is may lack authority over a respondent, or the court is otherwise "in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Petitioner was confined in the Southern District of Florida at the time of filing [*see* ECF No. 1 p. 3]. However, in light of his subsequent transfer, he requests that this matter be transferred and asks that his current custodian be added as a respondent in this case [ECF No. 5 p. 1]. Accordingly, while the Court has jurisdiction over the Petition, *see Campbell*, 450 F.2d at 831–33, transfer to the District of New Mexico ensures that the reviewing court has "legal authority" over Petitioner's custodian, *see Rumsfeld*, 542 U.S. at 441, and serves the interest of justice, *see* 28 U.S.C. § 1406(a). Therefore, transfer to the District of New Mexico is warranted. *See, e.g.*, 28

[1] Decisions rendered by the Fifth Circuit prior to the close of business on September 30, 1981, are treated as binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala*, 661 F.2d 1206, 1207 (11th Cir. 1981).

U.S.C. § 1406(a); *J.G.G.*, 604 U.S. at 672; *Garcia*, 470 F. App'x at 736.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's *pro se* Motion to Transfer [ECF No. 5] is **GRANTED**.

2. The Clerk of Court **SHALL TRANSFER** this case to the United States District Court for the District of New Mexico. *See* 28 U.S.C. § 1406(a).

3. The Clerk **SHALL ADD** "Warden, Torrance County Detention Center" as a respondent in this case. *See Rumsfeld*, 542 U.S. at 439; *Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014) (recognizing a district court's authority to *sua sponte* substitute the proper respondent in a habeas action (citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *affirmed in relevant part en banc*, 510 F.2d 363 (5th Cir. 1975)).

4. The Court expresses no opinion on the merits of Petitioner's claims.

5. **The Clerk SHALL MAIL a copy of this Order to Petitioner at the address below and thereafter confirm compliance on the docket**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 25th day of August 2026.

Ed Artau

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

**Ludian Rodriguez Martinez, *pro se***
A# 220571788
Torrance County Detention Facility
Inmate Mail/Parcels
PO Box 837
Estancia, NM 87016

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov